UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

JULIO ALEMAN-DIAZ,

      Petitioner,

    v.                         Case No.:  2:26-cv-01469-SPC-DNF

U.S. ATTORNEY GENERAL *et al*,

      Respondents,

                                   /

## **OPINION AND ORDER**

Before the Court are petitioner Julio Aleman-Diaz's Petition for Writ of Habeas Corpus (Doc. 1) and the government's response (Doc. 12).

Aleman-Diaz is a native of Cuba who was paroled into the United States on May 19, 1980.  He was convicted of domestic violence battery in 1998, burglary and grand theft in 1999, and aggravated battery in 2001.  An immigration judge ordered Aleman-Diaz removed to Cuba on September 7, 2005.  Immigration and Customs Enforcement ("ICE") was unable to execute the removal order, so it released Aleman-Diaz under an order of supervision on December 6, 2005.  He was convicted of lewd and lascivious exhibition in 2008 and aggravated battery in 2011.  ICE detained Aleman-Diaz again on June 26, 2019, and released him under another order of supervision on October 17, 2019.

On October 28, 2025, ICE arrested Aleman-Diaz and turned him over to ICE, and ICE revoked the order of supervision and detained him at Alligator Alcatraz.  Cuba refused to accept him for repatriation in December 2025.  On January 30, 2026, ICE brought Aleman-Diaz to a facility on the U.S.-Mexico border.  Aleman-Diaz refused to change his clothes and exit the pod, so ICE returned him to Alligator Alcatraz.  Aleman-Diaz argues his detention is unlawful because removal is not significantly likely in the reasonably foreseeable future.[1]

"Once a noncitizen's order of removal becomes administratively final, the Government 'shall' remove the person within 90 days."  *Singh v. U.S. Attorney Gen.*, 945 F.3d 1310, 1313 (11th Cir. 2019) (quoting 8 U.S.C. § 1231(a)(1)(A)).  The government must detain the noncitizen during the 90-day removal period, which begins when the removal order becomes administratively final.  *Id.*  Detention may continue after the removal period, but not indefinitely.

In *Zadvydas v. Davis*, the Supreme Court held, "if removal is not reasonably foreseeable, the court should hold continued detention unreasonable and no longer authorized by statute."  533 U.S. 678, 700-01 (2001).  If removal is not practically attainable, detention no longer serves its statutory purpose of "assuring the alien's presence at the moment of removal."

---

[1] This is Aleman-Diaz's second habeas action.  The Court dismissed the first because Aleman-Diaz did not satisfy his burden of proof.

*Id.* at 699. The Court found it unlikely Congress "believed that all reasonably foreseeably removals could be accomplished in [90 days]." *Id* at 701. So, "for the sake of uniform administration in the federal courts," it established a "presumptively reasonable period of detention" of six months—the 90-day removal period plus an additional 90 days. *Id.* Courts use a burden-shifting framework to judge the constitutionality of additional post-removal detention:

> After this 6-month period, once the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut the showing.

*Id.*

The respondents acknowledge the six-month period for presumptively reasonable detention has expired, so *Zadvydas*'s burden-shifting framework applies. Aleman-Diaz carried his initial burden by showing a good reason to believe there is no significant likelihood of removal in the reasonably foreseeable future. The government was unable to remove him in 2005 and 2019, and Cuba refused to repatriate him in 2025.

The burden thus shifts to the government. ICE points to its January 2026 attempt to send Aleman-Diaz to Mexico. But the evidence before the Court suggests that was an informal effort to compel voluntary departure, not an above-board removal attempt that complied with statutory and constitutional requirements. *See Andriasian v. Immigr. and Naturalization*

*Servs.*, 180 F.3d 1033, 1041 (9th Cir. 1999) ("Failing to notify individuals who are subject to deportation that they have the right to apply for asylum in the United States and for withholding of deportation to the country to which they will be deported violates both INS regulations and the constitutional right to due process."); *see also D.V.D. v. U.S. Dep't of Homeland Security*, --- F. Supp. 3d ---, 2026 WL 521557 (D. Mass. Feb. 25, 2026) (setting aside DHS's current third-country removal policy because it violates noncitizens' right to seek fear-based relief under the Convention Against Torture). ICE makes no attempt to show it has a plan in place to lawfully remove Aleman-Diaz.

The Court finds no significant likelihood Aleman-Diaz will be removed in the reasonably foreseeable future. However, assuring the presence of a noncitizen at the moment of removal is not the only statutory justification for immigration detention. "The second justification—protecting the community—does not necessarily diminish in force over time." *Zadvydas*, 533 U.S. at 690. The Supreme Court has "upheld preventative detention based on dangerousness only when limited to specially dangerous individuals and subject to strong procedural protections." *Id*. Given Aleman-Diaz's criminal history, the Court will give ICE an opportunity to determine whether his detention is necessary to protect the community.

Accordingly, it is hereby

**ORDERED:**

Julio Aleman-Diaz's Petition for Writ of Habeas Corpus (Doc. 1) remains under advisement.

1. Within 30 days of this Order, ICE shall conduct a custody review to determine whether Aleman-Diaz poses a danger to the community sufficient to justify continued detention.

2. Within seven days of the custody review, the respondents shall file a supplemental response, addressing the results of the review and any updates on removal efforts.

3. Aleman-Diaz may file a reply within three days of the supplemental response.

**DONE AND ORDERED** in Fort Myers, Florida on June 2, 2026.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

SA: FTMP-1
Copies: All Parties of Record